**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

CIVIL ACTION NO. 22-12-DLB

CAROL WALLER                                                                    PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

WAL-MART STORES EAST, LP                                                  DEFENDANT

*** *** *** *** *** ***

This matter is before the Court upon Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Doc. # 17). The matter has been fully briefed by the parties (Doc. # 17-1, 18 and 19). For the reasons set forth herein, the Court finds that Defendant Wal-Mart Stores East, LP ("Walmart")  is entitled to judgement as a matter of law.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an slip and fall incident in the restroom of the Walmart in Ashland, Boyd County, Kentucky. On December 4, 2020, Plaintiff Carol Waller went to this particular Walmart to purchase beauty items. [Deposition of Carol Waller, Doc. # 17-2, p. 55].  She testified that she been shopping in the cosmetics department for about twenty or thirty minutes when "[i]t hit me that I had to go to the restroom." *Id.* at p. 61. Soon after entering the restroom, she fell.  She testified, " it happened so quickly. I mean, I put down two steps inside that door, and down I went." *Id.* at 64.   When to asked to describe where the fall occurred, she responded, "[y]ou walk in [the restroom entrance]. The sinks start immediately on the left side. I did not get any farther than, I'll say, halfway between the first sink and the second sink…." *Id.*  She believes her "right foot went out

1

first" and her right shoulder made contact with the restroom floor. *Id.* at pp. 73-73.  Plaintiff claims to have sustained injury to her right arm, right shoulder, and teeth as a result of the fall.

On November 23, 2021, Plaintiff filed a Verified Complaint in Boyd Circuit Court against Walmart, alleging negligence and seeking past and future damages. (Doc. # 1-1).  The matter was removed to this court pursuant to 28 U.S.C. §§ 1332 and 1446.

The parties then engaged in discovery, including the deposition of Plaintiff and two Walmart employees, Tabitha Holbrook, and Amanda Thomson, both of whom were working on the day in question and both of whom entered the restroom after Plaintiff fell.

During her deposition, when asked if she saw what caused her fall, Plaintiff responded "[n]o." *Id.* at p. 68. She testified, "I saw nothing." *Id.* at p. 70.   However, she "didn't look at the floor." *Id.* at p. 64.  Plaintiff stated, "I just walked in and fell." *Id.*  She was shown photographs of the restroom which were taken immediately after she fell, and she admitted that the photos do not show any wet substance on the floor. *Id.* at p. 83. Regarding what caused her fall, Plaintiff could only speculate.  She stated she fell near the sinks, "which leads [her] to think there **may** have been some dampness on the floor." *Id.* at p. 64 (emphasis added). Yet she did not conclusively state whether there was some substance on the floor.  She testified "[n]one of us know."  *Id.*  at pp.89-90.

Walmart sales associate Amanda Thompson was the first employee to arrive at the restroom following Plaintiff's fall. She was stopped by a male associate and told that a female customer had fallen in the restroom and needed help. [Statement of Amanda Thompson, Doc. # 17-7].  She testified that once inside the restroom, she did not see substance on the floor, nor did she observe any dampness or moisture on Plaintiff's

2

clothing. [Deposition of Amanda Thompson, Doc. # 17-5, pp. 17-18]. The assistant manager on duty that day, Tabitha Holbrook testified that she did not see anything on the restroom floor and that it was not slick or wet. [Deposition of Tabitha Holbrook, Doc. # 17-4, p. 17]. She testified that she had been trained to look at the surroundings and the injured person when looking into a fall or accident at the store. *Id.* She stated that she did not see water on the floor, nor did she notice that Plaintiff's clothes were damp. *Id.* at p. 18.

Both Thompson and Holbrook observed an orange caution cone placed behind a trash can, underneath the bank of sinks in the restroom. (Doc. #17-4, p. 12, Doc. # 17-5, p. 12). Neither placed the cone in the restroom or knew how long it had been there. *Id.* The cone can be seen in the photograph identified as Exhibit 1 to Plaintiff's deposition. (Doc. # 17-2, p. 125).

Walmart seeks summary judgment as to all claims alleged herein, arguing that there are no genuine issues of material fact and, therefore, it is entitled to judgment as a matter of law.

## II.     STANDARD OF REVIEW

### A.  Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Of course, [the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co. .,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Binay v. Bettendorf,* 601 F.3d 640, 646 (6th Cir.2010) (quoting *In re Calumet Farm, Inc.,* 398 F.3d 555, 558 (6th Cir.2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex,* 477 U.S. at 322–23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

4

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir.2009) (quoting *Everson v. Leis,* 556 F.3d 484, 496 (6th Cir.2009)).

### B. Premises Liability

In cases in which jurisdiction is based upon diversity of citizenship, such as this case, the court applies the substantive law of the forum state.  With regard to premises liability, Kentucky law requires a plaintiff to prove: "(1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).

The Supreme Court of Kentucky adopted a burden-shifting approach for proving negligence in premises liability cases. This "impose[s] a rebuttable presumption that shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 437 (Ky. 2003). Under this approach, the plaintiff bears the initial burden of proving:

(1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or

5

condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Bartley v. Educational Training Systems, Inc.*, 134 S.W.3d 612, 616 (Ky. 2004).

Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, and "shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Id.*

### III.   ANALYSIS

Plaintiff's claim against Walmart fails in the first instance.  She has not presented any evidence that she "had an encounter with a foreign substance or other dangerous condition" in Walmart on the day she fell. She repeatedly stated under oath that she did not see a substance on the floor where she fell. Nor did her clothes feel damp immediately after the fall.  In fact, she admitted in her deposition that at the time of her fall, she did not think the floor was damp. (Doc. # 17-2, p. 66). Instead, she assumed, in hindsight, that because she fell, the floor must have been wet.  She testified, "[t]hen I'm thinking, you know, **after this is all over**, it had to be damp because I would not have fallen on flat tile floor that was dry."  *Id.* (emphasis added).

Kentucky law is clear – the existence of an unsafe condition is for Plaintiff to prove. She has not done so. Therefore, she cannot establish two essential elements of her claim, to-wit, breach or causation.  As such, she cannot maintain her claim against Walmart. Similarly, in *Phelps v. Bluegrass Hospitality Management, LLC*, 630 S.W.3d 623 (Ky. 2021), the plaintiff alleged a restaurant breached its duty of care owed to her when "she slipped on a waxy substance constituting a hazard, but she produced no evidence to

6

establish the existence of any such hazardous condition." *Id.* at 629. The plaintiff "offered no tangible proof of a waxy substance and no expert testimony to establish [the restaurant's] breach of any duty. Her case relie[d] entirely on conjecture." *Id.* Kentucky's Supreme Court affirmed summary judgment in favor of the restaurant, holding that the plaintiff failed to prove the restaurant breached any duty owed to her. *Id.*

Likewise, in *Klinglesmith v. Estate of Pottinger*, 445 S.W.3d 565 (Ky. App. 2014), summary judgment was entered in favor of defendant because the plaintiff repeatedly stated that she did not know what caused her to fall on defendant's premises. Although the plaintiff alleged the concrete floor of [the defendant's] porch was uneven and cracked, she testified in her deposition that "she is not sure what caused her to fall, and that she did not observe any defect to the porch. *Id.* at 568. Plaintiff maintained "that there must have been something wrong [with the porch] since she fell." *Id.* The Jefferson Circuit Court found the plaintiff had only presented her own arguments as proof, thereby, failing to establish "the condition of the porch was a substantial factor in causing her injury." *Id.* The Kentucky Supreme Court agreed and affirmed summary judgment in favor the defendant. *Id.*

Here, Plaintiff failed to present any evidence beyond her own opinion that Walmart's negligence caused her injury. According to Plaintiff, because she fell, Walmart must be negligent. Her opinion in and of it itself that some substance must have caused her fall is not enough to create a rebuttable presumption sufficient to avoid summary judgment under *Lanier*.

In her response to Defendant's dispositive motion, Plaintiff maintains that the presence of a caution cone in the restroom at the time she fell creates a material fact as

to existence of a dangerous condition and, as such, she clears the summary judgment hurdle. This argument misconstrues the burden-shifting analysis of *Lanier*. Plaintiff failed to identify any substance or hazard. Consequently, the existence of a caution cone is irrelevant. Moreover, Plaintiff did not see a caution cone in the restroom when she fell. (Doc. # 17-2, p.82). To the extent that she implies that her failure to see a caution cone creates a material fact which precludes summary judgment, she is incorrect.

She further asserts that the placement of the caution cone is evidence of Walmart's negligence. Specifically, she suggests that Walmart breached its duty by failing to place a caution cone in order to warn of an unknown, unidentified hazard. She argues:

> Had Wal-Mart personnel inspected the bathroom they would have discovered the caution cone was improperly placed under the sink when it should have been placed in the area of the wet or damp floor so as to warn its customers, including [Plaintiff], of the danger. This failure to inspect was negligence by Wal-Mart.

(Doc. #18, pp. 2-3).

Again, this argument is of no avail. It assumes facts not in evidence and upends the sequence of evidentiary burdens set forth in *Lanier*.

Plaintiff has not carried her initial burden of presenting "some tangible evidence from which it may be fairly said brought about the accident." *Phelps*, 630 S.W.3d at 628-29 (Ky. 2021). She simply asserts without any evidentiary support that because she fell, there must have been some substance on the floor. With nothing other than her own opinion, belief and best guess, she squarely places the cart before the horse.

## VI.   CONCLUSION

The party opposing summary judgment must show that she can make good on the promise of her pleadings by laying out enough evidence that will be admissible at trial to

8

demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. *Alpert v. United States,* 481 F.3d 404, 409 (6th Cir.2007).  Plaintiff has not done so here.  Plaintiff's claim rests entirely upon her own speculation.  However, "mere conclusory and unsupported allegations, rooted in speculation, do not meet the burden [to defeat summary judgment]." *Bell v. Ohio State Univ.*, 351 F.3d 240, 153 (2003).  Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Wal-Mart Stores East LP's Motion for Summary Judgment (Doc. # 17) is **GRANTED** in full;

(2) Plaintiff's Complaint (Doc. # 1-3) is **DISMISSED WITH PREJUDICE**; and

(3) A **JUDGMENT** in favor of the Defendant shall be filed contemporaneously herewith.

This 13th date of February 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\Ashland Civil\2022\22-12 SJ MOO.docx